IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR23 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELLE MARIE WATERS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of defendant Michelle Marie Waters (Waters) to reduce sentence in conformance with the Fair Sentencing Act of 2010 and current United States Sentencing Guidelines (Filing No. 31). The Court finds that the motion should be denied.

On August 3, 2010, the Fair Sentencing Act of 2010 (the "FSA") effectively reduced the mandatory minimum sentences required for possession with intent to distribute certain amounts of crack cocaine. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Waters moves the Court to reduce her sentence, arguing, in effect, that "in the interests of justice," the FSA's reduction in mandatory minimums should be applied retroactively (Filing No. 32).

On September 20, 2010, in the month after the FSA was signed into law, the United States Court of Appeals for the Sixth Circuit addressed the issue of whether the FSA's adjustment of mandatory minimums was retroactive. *United States v. Carradine*,

621 F.3d 575 (6th Cir. 2010). There, the Sixth Circuit first noted, "The 'general savings statute' requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Carradine*, 621 F.3d. at 580 (citing 1 U.S.C. § 109). However, "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." *Id.* Thus, the Sixth Circuit applied the pre-FSA mandatory minimum in place at the time when the defendant committed the crime. *Id.*

While addressing the same issue some seven months later, the First Circuit stated,

> There is assuredly a *policy* reason favoring [the defendant's] requested result: Congress did think that the superseded law was too harsh, so that it will be too harsh for [the defendant] just as much as for those who committed the same offense after the FSA went into effect. Indeed, [the defendant] suggests that the discrepancy is itself unconstitutional under equal protection principles; but discrepancies among persons who committed similar crimes are inescapable whenever Congress raises or lowers the penalties for an offense. Most often, the dividing line is the date of the crime.

*United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011). However, the First Circuit agreed with the Sixth Circuit on the issue of retroactivity and, by this time, was able to cite "ten other circuits [that] have considered this question and held that the FSA is not retroactive." *Goncalves*, 642 F.3d at 253 (collecting cases).

The Eighth Circuit agrees, citing "a series of recent cases all holding that the Fair Sentencing Act of 2010 (FSA), which increased the threshold amounts necessary to trigger mandatory minimum sentences in crack cocaine cases, is not retroactive." *United States v. Sidney*, 648 F.3d 904, 905 (8th Cir. 2011) (collecting 8th Circuit cases). The Eighth Circuit noted, "As this Court held in *Brewer*, '. . . the Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.'" *Sidney*, 648 F.3d at 906 (quoting *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010); citing *United States v. Smith*, 632 F.3d 1043, 1047 (8th Cir. 2011)).

On July 6, 2007, Waters pleaded guilty of Count I of the indictment dated January 18, 2007, namely, that she "did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute more

than 5 grams of a mixture or substance containing cocaine base" (Filing No. 1).

On September 21, 2007, this Court held a sentencing hearing where it considered the statutory mandatory minimum and the sentencing guidelines.  Applying 21 U.S.C. § 841 as it existed at the time of Waters' crime, the mandatory minimum was five years, because Waters was responsible for more than five grams of a mixture containing cocaine base.  21 U.S.C. § 841(b)(1)(B)(iii).  According to the holdings of the Eighth Circuit, this mandatory minimum still applies.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court